**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  HJ HOME INVESTMENTS, LLC,                    No. C 12-04432 JSW

10          Plaintiff,                          **ORDER DENYING**
                                                **APPLICATION TO PROCEED IN**
11     v.                                       **FORMA PAUPERIS; VACATING**
                                                **CASE MANAGEMENT**
12  GRACIELA OLSCOAGA-DECAMPOS,                 **CONFERENCE, AND**
                                                **REMANDING ACTION**
13          Defendant.
                                      /
14

15          Defendant removed on the basis of federal question.  This Court has an independent

16  duty to ascertain its jurisdiction and may remand *sua sponte* for lack of subject matter

17  jurisdiction.  *See* 28 U.S.C. § 1447(c)..

18          "[A]ny civil action brought in a State court of which the district courts of the United

19  States have original jurisdiction, may be removed by the defendant ... to the district court of the

20  United States for the district and division embracing the place where such action is pending."

21  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation

22  omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.

23  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  An action

24  originally filed in state court may be removed to federal court only if the district court could

25  have exercised jurisdiction over such action if initially filed there.  28 U.S.C. § 1441(a);

26  *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).  The burden of establishing federal

27  jurisdiction for purposes of removal is on the party seeking removal.  *Valdez v. Allstate Ins. Co.*,

28  372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

**United States District Court**
For the Northern District of California

1  1992).  Moreover, a court must construe the removal statute strictly and reject jurisdiction if

2  there is any doubt regarding whether removal was proper.  *Duncan v. Stuetzle*, 76 F.3d 1480,

3  1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if

4  there is any doubt as to the right of removal in the first instance.")

5      "The presence or absence of federal-question jurisdiction is governed by the 'well-

6  pleaded complaint rule.'"  *Caterpillar*, 482 U.S. at 392.  The well-pleaded complaint rule

7  recognizes that the plaintiff is the master of his or her claim.  "[H]e or she may avoid federal

8  jurisdiction by exclusive reliance on state law."  *Id.*  Thus, under the well-pleaded complaint

9  rule, federal-question jurisdiction arises where the "complaint establishes either that federal law

10  creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution

11  of a substantial question of federal law."  *Franchise Tax Bd.*, 463 U.S. at 27-28.

12      "It is well settled law that a case may *not* be removed to federal court on the basis of a

13  federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both

14  parties concede that the federal defense is the only true question at issue."  *Caterpillar,* 482 U.S.

15  at 393 (emphasis in original).  Based upon the Court's review of the complaint, Defendant

16  removed the action based upon a federal defense.  Plaintiff's complaint only asserts a state-law

17  claim for unlawful detainer.  Therefore, this Court lacks jurisdiction over this case.

18      Accordingly, the Court HEREBY DENIES Plaintiff's application to proceed *in forma*

19  *pauperis*, VACATES the case management conference scheduled for January 11, 2013, and

20  REMANDS this action to the Superior Court of the State of California, County of Contra Costa,

21  Delta-Pittsburg Judicial Division.

22      **IT IS SO ORDERED.**

23

24  Dated:  August 28, 2012                                              _____

25                                                              JEFFREY S. WHITE

26                                                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HJ HOME INVESTMENTS, LLC,

        Plaintiff,

   v.

GRACIELA OLSCOAGA-DECAMPOS et al,

        Defendant.

                           /

Case Number: CV12-04432 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 28, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Graciela  Olascoaga-Decampos
2028 Crater Peak Way
Antioch,  CA 94531

Dated: August 28, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

United States District Court
For the Northern District of California

3